P. H. YOUNG, Respondent, v. J. W. HUTCHINSON, Appellant.

Kansas City Court of Appeals, May 20, 1895.

1. **Fraudulent Conveyances:** CHATTEL MORTGAGE:. POSSESSION: RECORD. Where a chattel mortgage is recorded, change of possession is not necessary to make it valid under the statute.

2. **Appellate Practice:** CONFLICTING INSTRUCTIONS: INVITED ERROR. Instructions should be consistent, but an appellant can not complain of an error in his favor which he has invited.

*Appeal from the Ray Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Jas. L. Farris & Son* for appellant.

(1) There should be no conflict in instructions given for the different parties, and it is reversible error to give inconsistent or conflicting instructions. *Gregory v. Sitlington*, 54 Mo. App. 60; *Frederick v. Algaier*, 88 Mo. 598; *Stevenson v. Hancock*, 72 Mo. 612; *Price v. Railroad*, 77 Mo. 508; *Singer Co. v. Hudson*, 4 Mo. App. 144. (2) A contradiction between two instructions, so far from correcting the vice of either, multiplies them both. *State v. Nauert*, 2 Mo. App. 295; *Welch v. Railroad*, 20 Mo. App. 477. (3) Where instructions are in fatal conflict, the error is not cured by other instructions, though they were good, since it can not be

said, which the jury followed. *Gregory v. Sitlington,
supra; Goetz v. Railroad,* 50 Mo. 474. (4) The instruc-
tion number 8 above referred to, and as given by the
court for the defendant, correctly declared the law.
*State to use v. Schnake,* 21 Mo. App. 349; *Wright v.
McCormick,* 67 Mo. 426; *Chaflin v. Rosenberg,* 42 Mo.
439; *Stern v. Henley,* 68 Mo. 262. (5) The change
of possession must be actual, visible and exclusive.
*State ex rel. v. Merritt,* 70 Mo. 275; *State ex rel. v.
Schnake,* 21 Mo. App. 349.

*Garner, Son & Divelbiss* for respondent.

(1) This court has repeatedly held that a chattel
mortgage is not void on stocks of goods where the
mortgagor holds possession until condition broken,
where the mortgage requires him to pay proceeds to
the mortgagee which was required by this mortgage.
*Brass Co. v. Glass Co.,* 37 Mo. App. 145; *Metzner v.
Graham,* 57 Mo. 404; *Hubbell v. Allen,* 90 Mo. 576.
Jones on Chattel Mortgages, section 425, and numerous
other authorities which might be cited.  (2) Instruc-
tions numbers 2 and 3 given on the part of plaintiff are
right and contain the law, and are not liable to the
construction made by the appellant.

ELLISON, J.—This action is replevin, in which
plaintiff recovered below. The defendant is a consta-
ble and claimed to hold the possession of the property
(a small stock of goods) by virtue of an execution in
his hands in favor of the creditors of G. B. and A. F.
Young, brothers of the plaintiff.

The plaintiff claimed the goods under a chattel
mortgage executed to him by his brothers aforesaid. The
principal question tried was, whether this mortgage was
fraudulent, as to the creditors of G. B. and A. F.

Young.   There is evidence tending to establish that it was fraudulent.   And so was there evidence sufficient to support a finding that it was, not fraudulent.   We do not understand that defendant disputed this at the trial, since there was no demurrer to the evidence and the cause was submitted to the jury under general instructions.   It is, however, insisted that the instructions are improper.  An examination has satisfied us that the objections made are not well grounded.   The instructions all bear upon the question of the alleged fraudulent character of the mortgage, and, considered in this respect, those given for plaintiff are correct.   No question as to any of the goods not covered by the mortgage was submitted to the jury.   Nor was any offer of such question made by defendant.   We, therefore, think the objection that plaintiff's instruction number 2 was too broad can not be urged.   The only question submitted to the jury by either side, relates to whether the mortgage was valid or invalid, and we will not consider here what was not submitted at the trial. Instruction number 8 given for defendant is inconsistent with some of the instructions given for plaintiff, in that it required the jury to find that there had been an open, notorious and unequivocal change of possession of the property.   The mortgage having been duly recorded, such change of possession was unnecessary. The instruction, then, contained an error in defendant's favor, in requiring the jury to find more than was necessary.   Defendant can not complain of this.   While it is true, as stated by defendant's counsel, that the instruction should be consistent; yet it is quite apparent that an appellant should not be permitted to complain of an error in his favor, which he invited, such error having caused the inconsistency.   The property was described in the mortgage as being, at the date of the mortgage, in the residence of plaintiff, the mort-

gagee, in the town of Hardin, it being the remnant of a stock saved from a fire which occurred a few days previous. The mortgage contained a provision that the goods might be removed to a "suitable building in Hardin." We see nothing illegal or improper in this.

An examination of the entire record has failed to discover to us any reversible error, and the judgment will, therefore, be affirmed. All concur.